**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE M. OLIVE, #1566996** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:16-CV-0297-M-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was automatically referred to the United States Magistrate Judge.  Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

## I.  BACKGROUND

In 2009, Petitioner was convicted of possessing cocaine and unlawfully possessing a firearm, and was sentenced to 20 years' imprisonment.  *State v. Olivo*, Nos. F08-62191 & F08-62192 (Criminal District Court No. 2, Dallas County, Apr. 6, 2009), *aff'd*, Nos. 05-09-00419-CR & 05-09-00420-CR, 2010 WL 1665276 (Tex. App. -- Dallas, Apr. 27, 2010, pet. dism.).[1]  He unsuccessfully challenged his conviction in state and federal habeas proceedings.  *See Ex Parte Olive*, No. WR-78,023-01 (Tex. Crim. App. July 29, 2013) (denying state habeas relief); *Ex Parte Olive*, No. WR-78,023-02 (Tex. Crim. App. July 9, 2014) (same); *Olive v. Stephens*, No.

---

[1] Petitioner's name in the state court judgments is "Jose Manuel Olivo," not "Jose Olive" as reflected on the federal petition and state direct appeal.  Doc. 3 at 1; Doc. 6 at 1.

3:14-CV-0149-B-BH, 2014 WL 1724492 (N.D. Tex. Apr. 29, 2014) (denying federal habeas

petition as time barred); *Olive v. Stephens*, No. 3:14-CV-3418-L-BK, (N.D. Tex. Apr. 30, 2015)

(accepting recommendation and transferring successive habeas petition to the court of appeals;

Civ. Doc. 10, Civ. Doc. 12), No. 15-10375 (5th Cir. Oct. 2, 2015) (dismissing petition for want

of prosecution).

In this action, Petitioner again seeks to challenge his convictions.  He now asserts

ineffective assistance of counsel on appeal and jurisdictional and evidence issues.  Doc. 6 at 6-8.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances

under which a petitioner may file a second or successive application for federal habeas relief.

*See* 28 U.S.C. § 2244(b).  In general, to raise a new claim, the petitioner must show that the

successive application is based on: (1) a new rule of constitutional law made retroactive to cases

on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and

viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable fact finder would have found him guilty of the offense.

*See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, however, a three-judge

panel of the United States Court of Appeals for the Fifth Circuit must determine whether the

application makes the requisite *prima facie* showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive

habeas petition unless the United States Court of Appeals has first granted the petitioner

permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per*

2

*curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

       The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

       For the foregoing reasons, it is recommended that Petitioner's successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

       **SIGNED** April 15, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE